UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CITY OF ECORSE**, a Michigan municipal
corporation**,**

        **Plaintiff,**

v.

        Case No.     05-73826

**UNITED STATES STEEL CORPORATION,**
a Delaware corporation

        **HONORABLE DENISE PAGE HOOD**

        **Defendant.**
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

**I.   INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Remand filed April 11, 2006. Defendant filed a Response on May 2, 2006. The Reply was filed on June 1, 2006.

**II.   STATEMENT OF FACTS**

Plaintiff, the City of Ecorse, is suing Defendant, United States Steel Corporation, over the use of an easement. The First Amended Complaint was filed in Wayne County Circuit Court on October 5, 2005. A Notice of Removal was filed the same day, citing diversity jurisdiction. Plaintiff now seeks remand of the case back to Wayne County Circuit Court.

**III.   APPLICABLE LAW & ANALYSIS**

The removal statute, 28 U.S.C. § 1441, is jurisdictional and the "right of removal... must be strictly construed." *Wilson v. United States Dep't of Agriculture*, 584 F.2d 137, 142 (6th Cir. 1978). 28 U.S.C. § 1447(c) states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). 28 U.S.C.

§ 1447(d) states, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Federal courts are obligated to raise the jurisdictional issue *sua sponte*. *Federal Trade Comm'n v. Owens-Corning Fiberglass Corp.*, 853 F.2d 458, 464 (6th Cir. 1988). Actions brought before the state court may be removed to the federal court only if the suit could have been originally brought before the federal court. 28 U.S.C. § 1441; *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). Federal district courts have original jurisdiction over diversity cases and cases which "arise under" the federal Constitution or laws. 28 U.S.C. §§ 1331, 1332. In a diversity matter, a federal district court has original jurisdiction over an civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States." 28 U.S.C. § 1332(a). 28 U.S.C. § 1441(a) provides for removal of actions filed in state court to the district court if the district court has original jurisdiction over the cause of action. In a diversity jurisdiction action, complete diversity is required between the plaintiff and all defendants. *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69-70 (1941). A corporation can be a citizen of two states: (1) its state of incorporation and (2) the state of its principal place of business. 28 U.S.C. § 1332 (c); *Gafford v. General Elec. Co.*, 997 F.2d 150, 163 (6th Cir. 1993).

The existence of subject matter jurisdiction generally is a question of law. *Greater Detroit Resource Recovery Author v. United States*, 916 F.2d 317, 319 (6th Cir. 1990). The removing party has the burden of proving that the federal district court has jurisdiction. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

The parties do not dispute that they are citizens of different states. Plaintiff is a Michigan municipality. (Notice of Removal ¶ 4). Defendant is a Delaware corporation, with its primary place of business in Pennsylvania. (Notice of Removal ¶ 5). Plaintiff argues that the Court lacks subject

matter jurisdiction because (1) there is no amount in controversy, as Plaintiff seeks declaratory relief, and (2) the current case is a companion to a state action, which Defendant was aware of when it indicated otherwise on the Notice of Removal. Plaintiff alternatively argues that abstention is appropriate in this case. Defendant argues that the Court has subject matter jurisdiction as the value of the declaratory and injunctive relief would exceed $75,000, and that abstention is not appropriate in this case.

In injunctive actions the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Goldsmith v. Sutherland*, 426 F.2d 1395, 1398 (6th Cir. 1970). The parties dispute whether the plaintiff, defendant or either party's determination of the injunction value governs. The Court and other district courts have previously held that the "either viewpoint" approach is appropriate. *Yaldo v. Airtouch Communications, Inc.*, No. 99-72261 (E.D. Mich. May 31, 2001) (J. Hood), *In re Cardizem CD Antitrust Litig.*, 90 F.Supp.2d 819, 834 (E.D. Mich. 1999). The *Cardizem* court held that under the "either viewpoint" approach a court "considers the costs *of compliance*" the defendant would incur if the injunctive relief is granted.

Here, Plaintiff seeks judgment that (1) allows the easement to be used as a roadway only; (2) gives all control and use of the easement to the Plaintiff; (3) requires Defendant to remove the gate to allow industrial traffic means of ingress and egress; (4) permanently enjoins Defendant from preventing access to the roadway; (5) allows Plaintiff to construct, pave, an maintain the roadway; and (6) any other such relief as the Court finds appropriate. Defendant argues that the cost of compliance with such a judgment well exceeds $75,000. (Def.'s Resp., Ex. G). Plaintiff does not state the value of the injunction relief, merely arguing that its viewpoint should be favored. As Defendant has shown the costs of complying with Plaintiff's requested relief would exceed $75,000, diversity is appropriate.

Plaintiff next argues that the Court lacks subject matter jurisdiction because the current case is the companion to another case being litigated in state court. Plaintiff has not, however, cited any cases to support this contention. On February 18, 2005, summary disposition was granted to United States Steel in the state court case. Although the state court granted Plaintiff leave to amend its Third Party Complaint, Plaintiff never did so and Defendant United States Steel was dismissed from the state case.

Plaintiff finally argues that even if the Court has subject matter jurisdiction over this matter, the Court should abstain from exercising such jurisdiction. The Supreme Court held in *Colorado River Water Conservation District v. United States*, 424 U.S. 800:

> The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest. It was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it.

*Id*. at 813-814 (internal quotations and citations omitted). The Court further held that abstention is appropriate in three situations, (1) where a case presents a "federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law; *Id*. at 814; (2) where "there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; *Id*., and (3) where "absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings, state nuisance proceedings antecedent to a criminal prosecution, which are directed at obtaining the closure of places exhibiting obscene films or collection of state taxes. *Id*. at 816. The current case does not fall within any of these categories, as such abstention is not appropriate.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand **[Docket No. 18, filed April 11, 2006]** is DENIED.

S/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: March 26, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 26, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager