**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**CITY OF ECORSE,**

    **Plaintiff,**

                              Case No. 05-CV-73826
**v.**                                 HONORABLE DENISE PAGE HOOD

**UNITED STATES STEEL CORPORATION,**

    **Defendant.**

    _____/

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    BACKGROUND/FACTS**

This matter is before the Court on Defendant's Motion for Summary Judgment, filed July 17, 2006. Plaintiff filed a Response on October 6, 2006 and Defendant filed a Reply on October 16, 2006. A hearing was held on the matter and the matter was taken under advisement. The parties thereafter engaged in extensive settlement negotiations and the action was dismissed without prejudice on March 29, 2007 pending resolution of the negotiations. The parties did not resolve the matter and the action was reinstated. The Court now issues its ruling on Defendant's Motion for Summary Judgment.

Plaintiff, the City of Ecorse, brought this suit against Defendant, United States Steel Corporation ("U.S. Steel"), over the use of an easement. On September 3, 1968, the Ecorse City Council passed a resolution vacating most of East Westfield Street. The Council passed Resolution No. 413.68, which was unanimously adopted, vacating, discontinuing and abolishing certain portions of East Westfield Street at issue. (Res. No. 413.68, Ex. A to U.S. Steel's Br.) Shortly after the vacation, National Steel Corporation's Great Lakes Steel Division ("Great Lakes Steel"),

predecessor-in-interest to U.S. Steel, erected a gate which closed old Westfield Street through its facility. The road has been closed to traffic since that time.

Edw. C. Levy Co. ("Levy") currently leases property from Defendant and operates a slag manufacturing plant, which is located at 100 East Westfield Street. (Pl. City of Ecorse's First Am. Compl. at 2). Levy collects slag, a by-product of steel, from a plant that is owned by Defendant. Trucks owned by Levy and other individuals utilize East Westfield Street to travel to and from West Jefferson. *Id.* Approximately three years ago, residents of East Westfield Street organized to complain to the Mayor about public health and safety concerns stemming from the constant flow of heavy truck hauls. *Id.* These residents complained about the noise, vibration and fumes created by the trucks passing in front of their homes. *Id.* In 2002, Plaintiff and Michigan State Senator Ray Basham met with Levy to discuss a possible resolution, but were unable to come to a solution.

On August 12, 2004, Larry Salisbury, Mayor of the City of Ecorse, wrote a letter to Steven Sobat, Director of State Governmental Affairs, U.S. Steel, to inform him that effective September 17, 2004, the City of Ecorse would no longer permit vehicles heavier than passenger automobiles on East Westfield Street. *Id.*, Ex. 1.

Plaintiff filed a First Amended Complaint in Wayne County Circuit Court on October 5, 2005, alleging unlawful "enjoinment" of easement use and requesting relief in the form of:

    A.    Judgment declaring Ecorse's easement as a roadway to be used for street purposes only;
    B.    Judgment giving all control and use of the easement roadway to the City of Ecorse;
    C.    Judgment that Defendant U.S. Steel remove the gate to allow Levy and other industrial truck traffic means of ingress and egress via Ecorse's easement roadway via East Westfield Street extended to Quality Drive;
    D.    Judgment that Defendant U.S. Steel be permanently enjoined from denying public access to the roadway as a means of ingress and

|   |   |   |
|---|---|---|
|   |   | egress via East Westfield Street running north and south extended to Quality Drive; |
|   | E. | Judgment that the City of Ecorse be allowed to construct, pave and maintain the roadway condition to serve as the public right-of-way that it was originally intended to provide; |
|   | F. | Any such other relief as the Court may find appropriate in the interests of justice. |

*Id.* at 9-10. Defendant removed the matter to this Court, citing federal subject matter jurisdiction based upon diversity. Plaintiff moved to remand the case back to State Court, which was denied by the Court. Defendant seeks summary judgment against Plaintiff raising three arguments: 1) the 1968 resolution by the City of Ecorse vacating East Westfield Street is valid; 2) the City of Ecorse does not have any ownership interest in the property north of the vacated road; and, 3) the City of Ecorse abandoned East Westfield Street. The Court addresses each argument below.

## II.    ANALYSIS

### A.    Summary Judgment Standard of Review

The standard that must be satisfied to secure a dismissal via summary judgment is high. Pursuant to Rule 56(c), summary judgment may only be granted in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing no dispute as to any material issue. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). A dispute must be apparent from the evidence in order to deny such a motion. Such a dispute must not merely rest upon the allegations or denials in the pleadings, but instead must be established by affidavits or other documentary evidence. Fed. R. Civ. P. 56(e). When ruling, the Court must consider the admissible evidence in the light most favorable to the non-

3

moving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

B.   **Validity of the City of Ecorse Council's 1968 Vacation**

Defendant contends that the City of Ecorse Council's action vacating the premises in question on September 3, 1968, Resolution No. 413.68, was valid. (Def.'s Mot. for Summ. J. at 4-8). Resolution No. 413.68, in pertinent part states,

> WHEREAS, the Council of the City of Ecorse, Wayne County, Michigan, heretofore convened in regular session on the 13th day of August, A.D. 1968, at 7:30 P.M. in the City Council Rooms in the Municipal Building in said City, by resolution duly adopted, declared and determined that it was necessary, advisable and expedient to make a public improvement in the City of Ecorse as aforesaid, which improvement is to be and consist of the vacating, discontinuing and abolishing certain portions of East Westfield Street, Ecorse, Wayne County, Michigan, described as follows:
>
> * * *
>
> WHEREAS, it further determined that a meeting of said Council should be held in the City Council Rooms in said City, as aforesaid, on the 3rd day of September, A.D. 1968 at 7:30 o'clock P.M. for the purpose of hearing any and all objections that might be offered to the vacating, discontinuing and abolishing of said public street heretofore described, and
>
> WHEREAS, notice of said meeting has been given by publication in the Ecorse Advertiser, the Official Newspaper of said City, of a notice of said hearing with a copy of the resolution requiring same, on August 22, 1968, as appears in the affidavit of publication on file in the office of the City Clerk, and
>
> WHEREAS, upon the 3rd day of September, A.D. 1968, no person or persons appearing personally or otherwise having made any objections to the vacation, discontinuing or abolishing of said public street.
>
> NOW, THEREFORE, BE IT RESOLVED, That the Council of the City of Ecorse, Wayne County, Michigan, does hereby declare and determine that the closing of said public street described as aforesaid will be and make a public improvement of the City of Ecorse, and will be a benefit and to the best interest of the community at large and for the public good, and that it is necessary, advisable and expedient to make said improvement consisting of the vacation, discontinuing and abolishing of said public street heretofore in this resolution described,
>
> BE IT FURTHER RESOLVED, That all existing easements both public and

private and utility be preserved and permitted to exist in the manner that they are now existing.

((Res. No. 413.68, Ex. A to U.S. Steel's Br.)

In its First Amended Complaint, Plaintiff contends that, in accordance with the Land Division Act, "Act 288 of 1967," a court action must take place to vacate an original plat or part thereof of a recorded subdivision plat. (Pl. City of Ecorse's First Am. Compl. at 6). There was no court action taken to vacate the portion of Westfield Street, therefore, Plaintiff contends, the resolution by Council vacating Westfield Street was invalid. *Id.* However, in its Response in Opposition to Defendant's Motion for Summary Judgment, Plaintiff states,

> There is no real disagreement among the parties regarding the City of Ecorse's right, pursuant to MCLA Const. Art. 7, § 29, to vacate a street, such as appears to have happened in 1968. And there is even case law to the effect that vacation of a street for the benefit of a private corporation, absent fraud, abuse of powers, or an Ultra Vires Act, may be lawful.

(Resp. in Opp. to Def.'s Mot. for Summ. J. at 22). Plaintiff modifies its position set forth in the First Amended Complaint that the vacation is invalid by virtue of the lack of court action and now limits its argument to whether there was an absolute grant of a fee simple absolute, for the sole and exclusive use of Great Lakes Steel, Defendant's predecessor, or whether less than a fee simple was conveyed. *Id.* at 22-24. Accordingly, the Court will limit its analysis to this issue presented.

Plaintiff contends that the City of Ecorse City Council had no power to grant exclusive use, in perpetuity, of the contested property to Great Lakes Steel. Plaintiff asserts, "it is a fact that in times past the Great Lakes Steel Company exerted very strong influence over the affairs of the City of Ecorse. Elected officials in Ecorse frequently were its employees, or otherwise inclined towards compliant behavior whenever Great Lakes Steel's interests were involved." (Resp. in Opp. to Def.'s Mot. for Summ. J. at 24-25). Plaintiff further argues that "those officials" may have placed Great

5

Lakes Steel's interests over those of its citizens; nonetheless the City of Ecorse City Council lacked power to grant Great Lakes Steel the exclusive use and control of a section of Westfield Street because the public derived no benefit from the council action favoring the steel company. Plaintiff relies on *Mester v. Morman*, 227 Mich. 364 (1924), a Michigan Supreme Court case, to support the contention that streets are intended for the common and equal use of all citizens and therefore the grant of the property for private use to Great Lakes National Steel was an *ultra vires* act.

Plaintiff's assertion is not supported by evidence before the Court. Plaintiff does not provide the Court with any evidence to support the contention that Great Lakes National Steel exerted undue influence over the City of Ecorse in relation to the City's decision to grant Great Lakes Steel the easement. In *Mester*, the Michigan Supreme Court analyzed the validity of a city granting private exclusive use of a railroad to an individual and concluded that a municipal corporation does not have the power to authorize the construction of a private railroad for exclusive use on a public street or highway. 227 Mich. at 366. *Mester* is distinguishable from the instant situation because the analysis was restricted to railroads.

Even if *Mester* stood for the proposition that a municipality has no authority to appropriate streets for private use, the Michigan Constitution reserves to the "counties, townships, cities and villages" reasonable control of their highways, streets, alleys and public places. Art. 7, § 29 of the Michigan Constitution. Michigan's Home Rule City Act, M.C.L. § 117.1 *et seq.*, allows a home rule city, which both parties agree applies to the City of Ecorse, to provide in its charter, "the use, regulation, improvement and control of the surface of its streets, alleys and public ways, and of the space above and beneath them." *Fostini v. Grand Rapids,* 348 Mich. 36, 40 (1957). The Michigan Supreme Court, since *Mester*, has held that the question of vacation of streets and alleys is for the

6

municipality and not for the courts to decide, in the absence of abuse, fraud or collusion. *Kirby Terminal Co. v. City of Detroit,* 339 Mich. 155, 161 (1954); *The Detroit Edison Co. v. City of Detroit,* 208 Mich. App. 26, 33 (1994).

The City of Ecorse Charter provides that the City has the right to control its streets and to vacate its streets and alleys. (City of Ecorse Charter, Secs. 3 and 4, Ex. D to U.S. Steel's Br.) The Council's September 3, 1968 Resolution No. 413.68 properly vacated East Westfield Street as provided under the City of Ecorse Charter.

Plaintiff points to Resolution No. 263.68 and argues that it reserved an easement in favor of the City of Ecorse. Resolution No. 263.68, dated June 14, 1968, states,

> BE IT FURTHER RESOLVED That the City Attorney shall convey, by quit-claim deed, the aforementioned property to the Great Lakes Steel Corporation, reserving unto the grantor an easement in such property for public improvements and utilities and a possibility of reverter if the grantee fails to maintain said realty in proper condition as a road and/or fails to maintain a sidewalk alongside said road.

(Resp. in Opp. to Def.'s Mot. for Summ. J. at 22, Ex. A to City of Ecorse's Resp. Br.) Plaintiff contends that this language demonstrates that the parties have always contemplated scenarios or conditions under which the City of Ecorse would re-enter the parcel--to make public improvements or pursuant to the possibility of reverter to the City of Ecorse, if conditions subsequent were not met. Plaintiff asserts that there was a determination on the part of the City of Ecorse that there exists a need "for public improvements," as exhibited by Mayor Larry Salisbury's August 12, 2004 letter to Defendant. (Ex. C to City of Ecorse's Resp. Br.) Plaintiff contends that the letter declaring that vehicles, other than passenger automobiles, were no longer allowed on East Westfield Street was tantamount to exercising its right of reentry for the purpose of making public improvements. Specifically, Plaintiff argues this was the exercise of the right of reentry for the purpose of making

7

improvements because the continued closure of Westfield prevented the City from alleviating the complaints of its residents.

Defendant, on the other hand, contends that the vacation at issue was accomplished by Council Resolution No. 413.68, dated September 3, 1968, not Resolution No. 263.68, dated June 14, 1968. Defendant argues that Plaintiff's argument that Resolution No. 263.68 created "an easement amounting to right of reentry, and possibility of reverter" is misplaced as Plaintiff is relying on the wrong resolution. (Def.'s Reply to Pl.'s Resp. to Def.'s Mot. For Summ. J. at 1-3). Defendant asserts that Resolution No. 263.68 merely authorized the Ecorse City Attorney to take certain future acts with respect to Westfield Street, and there is no evidence that any such action was ever taken. *Id.* Further, there were no limitations or "rights of reverter" language on the face of the resolution effectuating the vacation, Resolution No. 413.68, and therefore Resolution No. 263.68 accomplished nothing and Plaintiff has no basis to "reenter" the vacated property. *Id.*

Defendant is correct in stating that Resolution No. 413.68, which effectuated the vacation, does not contain any "rights of reverter" language. Resolution No. 263.68 directs the City of Ecorse Attorney to take necessary action to vacate the eastern extension of East Westfield Street as requested by the Great Lakes Steel Corporation. (Res. No. 263.68, Ex. A to City of Ecorse Resp. Br.) Resolution No. 263.68 did not expressly vacate the property. The City of Ecorse has not produced, nor has Defendant found, a quitclaim deed to Great Lakes Steel filed with the Wayne County Clerk. Any reverter argument by the City of Ecorse is unpersuasive since no such quitclaim deed has been provided by the City of Ecorse indicating that the City has provided itself a reverter. Subsequent to the June 14, 1968 Resolution no. 263.68, the City of Ecorse issued the September 3, 1968 Resolution No. 413.68, which specifically declared that East Westfield Street, as described in

8

the resolution, is vacated, discontinued and abolished. (Res. No. 413.68, Ex. A to U.S. Steel's Br.)

Plaintiff also cites various case law and statutes to support the contention that it is vested with broad discretionary authority to make public improvements to alleviate a nuisance for the public convenience, health, safety and welfare. (*See* Resp. in Opp. to Def.'s Mot. for Summ. J. at 27-32). As asserted by Defendant, whether Plaintiff has rights under its police powers to open or reopen streets is not an issue presently before the Court. (Def.'s Reply to Pl.'s Resp. to Def.'s Mot. For Summ. J. at 4). The issue before the Court is to determine the ownership of the East Westfield Street and whether the 1968 Council Resolution properly vacated the subject property. Based on the reasons set forth above, the September 3, 1968 Resolution No. 413.68 by the City of Ecorse Council properly vacated the East Westfield Street property under its own charter and the Michigan statutes and laws noted above.

### C. Property North of the Vacated Portion

Defendant argues that even if Plaintiff's vacation of the southerly portion of East Westfield were nullified, Plaintiff has no ownership interest in or claim to property north of the vacated portion. Defendant contends that Plaintiff's request for an order reopening East Westfield Street would accomplish nothing because Plaintiff would only have authority to reopen a portion of the roadway.[1] Defendant points to Exhibit C, a map of the subject area, to illustrate that the property covered by the challenged vacation does not extend even close to Quality Drive. Defendant also

---

[1] In its First Amended Complaint, the City of Ecorse requests the opening of East Westfield Street to Quality Drive to allow Levy trucks that use that route to leave the facility rather than travel along the residential part of Westfield to Jefferson. (Pl. City of Ecorse's First Am. Compl. at 2). Defendant contends that, even if the Court were to nullify the 1968 vacation, there would be no basis for an order requiring traffic to proceed all the way to Quality Drive and then out to Jefferson Avenue.

9

cites the deposition testimony of Catherine Marie DeDecker, Plaintiff's consultant, who stated that she is not aware of any documents that would support Plaintiff assertion of a claim over property north of the vacated portion.[2]

In response, Plaintiff argues that Defendant's contentions are not warranted, as Plaintiff never conveyed a fee simple absolute to Defendant, but instead conveyed a fee simple determinable or a revocable license. (Resp. in Opp. to Def.'s Mot. for Summ. J. at 37). Plaintiff further asserts that Defendant assumes that there are "no lawful means by which Plaintiff might acquire, if needed, any adjacent parcel required to extend Westfield fully." Echoing its earlier arguments, Plaintiff points to its ability to "take" the needed parcel under the Michigan Constitution, eminent domain, its general home rule powers or police powers to abate a nuisance. *Id.* at 37-42.

As discussed above, the Court does not find that assertions of Plaintiff's general powers to condemn or otherwise acquire the subject, or adjacent property are properly before the Court. Specifically, Plaintiff has not initiated eminent domain proceedings and as such the Court will not address Plaintiff's assertions that it has a right to possession through eminent domain and its police powers. Defendant agrees Plaintiff may institute such a proceeding but claims that in any such proceeding, the City must appropriately compensate the property owner. Also, the City of Ecorse has not submitted any deed indicating the City of Ecorse owns the property at issue. In any event, since the Court finds that Resolution No. 413.68 properly vacated East Westfield Street and the eminent domain issue is not before the Court, the Court need not decide the issue of whether the City

---

[2] Defendant interprets Ms. DeDecker's testimony to mean that Plaintiff has no legal right to property north of the vacated portion, however, the Court reads Ms. DeDecker's testimony as indicating that she personally has not seen any documents to support Plaintiff's claim to this property.

of Ecorse has the authority to proceed with an eminent domain claim.

## D. Abandonment

Defendant asserts that at or shortly after the completion of the 1968 vacation of Westfield Street, Plaintiff ceased both using and maintaining that portion of the street. (Def.'s Mot. for Summ. J. at 11). Defendant contends that the 1968 vacation resolution demonstrates a clear intent to relinquish the property and an act putting that intent into effect. *Id.* at 11-12. Defendant further argues that Plaintiff's non-use and non-maintenance of the road since that time, and its acceptance of the gate blocking the road placed by National Steel, support the conclusion that Plaintiff abandoned Westfield Street. *Id.*

Plaintiff argues, "Defendant could not have acquired title in a public street by adverse possession, there is, therefore, absolutely no merit whatsoever to Defendant's contention that it acquired any right, title, or interest in Westfield Street by adverse possession after Plaintiff allegedly abandoned the parcel in 1968." (Resp. in Opp. to Def.'s Mot. for Summ. J. at 34). Plaintiff further argues that the law of adverse possession is inapplicable to municipalities. *Id*. at 34-35. Plaintiff interprets Defendant's claim that Plaintiff abandoned the subject property as Defendant asserting title under adverse possession.

In reply, Defendant refutes that it ever asserted a claim of adverse possession and maintains that its alternative argument is that Plaintiff abandoned the East Westfield Street under the common law of abandonment.

"A roadway established for public use may cease to be such by voluntary abandonment and nonuse." *Ambs v. Kalamazoo County Road Comm'n,* 255 Mich. App. 637, 652 (2003). Common law abandonment requires an intent to relinquish the property and acts putting that intention into

11

effect. *Van Slooten v. Larsen*, 410 Mich. 21, 50 (1980). Non-use alone is insufficient to establish abandonment. *Sparling Plastic Industries, Inc. v. Sparling*, 229 Mich. App. 704 (1998).

Even if the Court were to have found that the September 3, 1968 Resolution No. 413.68 was not a proper vacation of East Westfield Street under the City of Ecorse City Charter and Michigan statutes and laws, Resolution No. 413.68 clearly indicated the City Council's intent to abandon the East Westfield Street. Since that time, the City of Ecorse has not maintained the East Westfield Street and has not made any requests of Defendant to remove the gate blocking the street. Defendant has established that the City of Ecorse's actions meets the elements required under the common law of abandonment.

### III. CONCLUSION

For the reasons set forth above, the Court finds that the September 3, 1968 Resolution No. 413.68 properly vacated the East Westfield Street at issue. Accordingly,

IT IS ORDERED that Defendant U.S. Steel's Motion for Summary Judgment **(Doc. No. 40, filed July 17, 2006)** is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

                                                               S/Denise Page Hood
                                                               Denise Page Hood
                                                               United States District Judge

Dated: September 29, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2008, by electronic and/or ordinary mail.

                                                               S/William F. Lewis
DATED: September 29, 2008                  Case Manager